UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DONALD H. DONOHO | ) | Case No. 08-15100-SSM |
| | ) | Chapter 11 |
| Debtor | ) | |
| | ) | |
| BANK OF AMERICA, N.A. *et al.* | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 08-1481 |
| | ) | (Case No. CL08-134 removed from |
| BRENNAN TITLE COMPANY *et al.* | ) | Circuit Court of New Kent County) |
| | ) | |
| Defendants | ) | |

**MEMORANDUM OPINION**

Before the court is the motion of the plaintiffs, Bank of America, N.A. and PRLAP, Inc.,

to remand this action to the Circuit Court of New Kent County, Virginia, from which it was

removed under 28 U.S.C. § 1452 by Brennan Title Company, one of the defendants. A hearing

was held on January 12, 2009, at which the court heard the contentions of the parties and of the

debtor in possession (whom the defendants wish to make a party), and took the motion under

advisement. For the reasons stated, the court will grant the motion to remand.

<u>Background</u>

Donald H. Donoho ("the debtor") filed a voluntary petition in this court on August 24,

2008, for reorganization under chapter 11 of the Bankruptcy Code. No trustee has been

appointed, and Mr. Donoho remains in possession of his estate as debtor in possession.  A plan

has not yet been filed.

The present action involves two loans totaling $750,000 made by Bank of America, N.A.,

in July 2007 to enable Patachaya Pitthayasri to purchase a house and lot located in New Kent

County, Virginia, at 11190 Royal Lane, Providence Forge, Virginia.  Defendant Brennan Title

Company conducted the settlement.  Until the day of settlement, the property had been titled of

record in the name of the debtor, who had acquired the property approximately two years earlier.

At settlement, the debtor deeded the property (with general warranty of title) to a company, ACP,

Inc., in which he once had an interest, and ACP in turn deeded the property to Ms. Pitthayasri.

At the time the settlement was held, there was of record a deed of trust in favor of New Century

Mortgage Company in the original principal amount of $552,500.[1]  The deed of trust was not

executed by the debtor but by another person under the purported authority of a special power of

attorney.[2]  In any event, Brennan Title, in disbursing the proceeds of sale, did not pay off the New

Century deed of trust.  When Bank of America learned that the New Century deed of trust, as

well as two mechanic's liens against the property, had not been released, it commenced this

---

[1]  Based on the exhibits attached to the complaint, it appears that New Century assigned the note
and deed of trust to Deutsche Bank Trust Company Americas, formerly known as Bankers Trust
Company, as Trustee and Custodian for "Morgan Stanley MSAC 2007-NC3", and that Saxon
Mortgage Company is acting as the servicing agent for the loan.  Saxon has filed a proof of claim
(Claim No. 7) in its own name in the debtor's case asserting a secured claim in the amount of
$582,695 based on the New Century note and deed of trust.  Saxon has also filed, again in its
own name, a motion for relief from the automatic stay that was heard with the present motion to
remand.  That hearing on that motion has been continued based on the representation that the
parties were in settlement discussions.

[2]  The power of attorney authorized the attorney-in-fact to execute any "deed, settlement
statement, affidavit, or any other documents in connection with the *purchase*" of the property
(emphasis added).

action in the Circuit Court of New Kent County, Virginia, on October 7, 2008.   PRLAP, Inc., the

trustee named in the two deeds of trust securing Bank of America, is joined as a plaintiff.   The

defendants, in addition to Brennan Title, are Western Surety Company, the surety on the bond

required of settlement agents by the Virginia Consumer Real Estate Settlement Protection Act,

Va. Code Ann. § 6.1-2.19 *et seq*. ("CRESPA"); ACP, Inc.; N.B. Goodwyn & Sons, Inc., which

had filed a mechanic's lien against the property; and Commonwealth Asset Services, Inc.,

substitute trustee under the New Century deed of trust.   The complaint is pleaded in 9 counts,

which may be briefly summarized as follows:

| Count | Description |
|-------|-------------|
| I | Breach of contract against Brennan Title for failure to comply with closing instructions |
| II | Breach of fiduciary duty against Brennan Title for failure to disburse funds properly |
| III | Specific performance to require Brennan Title to remove clouds on title |
| IV | Claim against Western Surety under CRESPA bond |
| V | Claim against ACP for breach of warranty of title |
| VI | Claim against ACP for contribution and indemnity |
| VII | Release of Goodwyn mechanic's lien |
| VIII | Injunction to prohibit Commonwealth Asset Services from conducting foreclosure sale under New Century deed of trust until its validity and priority is determined |
| IX | Injunction to require Commonwealth Asset Services to cancel any foreclosure sale of New Century deed of trust until its validity and priority is determined |

Brennan Title and Western Surety filed demurrers and a joint motion to dismiss,

asserting, among other defenses, that the debtor, Ms. Pitthayasri, and New Century were

necessary parties; that the state court had no jurisdiction to determine the debtor's liability; that the New Century deed of trust was "invalid on its face" because the power of attorney did not authorize its execution; that no private right of action exists under CRESPA; and that the mechanic's liens against the property were void. The demurrers and motion to dismiss had not been ruled upon when the notice of removal was filed with this court on November 14, 2008. Subsequent to the removal, Brennan and Western Surety have filed a motion to join the debtor, Ms. Pitthayasri, and all holders of the New Century note as parties defendant as well as motions to dismiss the complaint for failure to state a claim for relief. The debtor in possession has filed a response consenting to joinder and opposing remand.

Discussion

The motion to remand requires the court to resolve three issues. The first is whether remand was properly accomplished when the notice of remand was filed directly with the clerk of this court rather than the clerk of the United States District Court. The second is whether this court has subject-matter jurisdiction over the claims asserted in the action. And the third is whether, if jurisdiction exists, this court should nevertheless remand this action to the state court.

I.  WHETHER REMAND WAS PROPERLY ACCOMPLISHED WHEN
THE NOTICE OF REMAND WAS FILED DIRECTLY WITH THE
CLERK OF THIS COURT.

With certain exceptions not relevant here, a party "may remove any claim or cause of action in a civil action . . . *to the district court* for the district where such civil action is pending if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a) (emphasis added). Section 1334 in turn is the bankruptcy jurisdiction statute. It grants original jurisdiction over bankruptcy cases and civil proceedings "arising

4

under" the Bankruptcy Code, "arising in" a bankruptcy case, or "related to" a bankruptcy case to

the district courts of the United States.  28 U.S.C. § 1334(a) and (b).  The district court, however,

may refer any or all such cases and proceedings to the bankruptcy judges for the district.  28

U.S.C. § 157(a).  The district court for this district has, by general order of reference dated

August 15, 1984, referred all such cases and proceedings to the bankruptcy judges of the district.

By statute, the bankruptcy judges in a district constitute a "unit" of the district court known as the

bankruptcy court for that district, and bankruptcy judges exercise jurisdiction in bankruptcy cases

and proceedings as "judicial officer[s] of the district court."  28 U.S.C. § 151.

There are no reported opinions in the Fourth Circuit deciding whether a notice of removal

may be filed directly with the clerk of the bankruptcy court.[3]  In a prior unpublished opinion, this

court briefly addressed the issue and concluded, without extended analysis, that under 28 U.S.C.

§ 157(a) and the general order of reference from the district court, the removed state court action

in that case "ha[d] been properly docketed" in the bankruptcy court.  *Willett v. Willett (In re*

*Willett)*, No. 95-13066, 96-1118, 1996 WL 910907, at *3 (Bankr. E.D. Va., May 9, 1996).

---

[3]  Bank of America does cite to language from one decision within this circuit to the effect that
the changes made to the Judicial Code in the aftermath of the Supreme Court's ruling in
*Northern Pipeline Constr. Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858 (1982)
require that "removal must now be made to the district court in the first instance, rather than to
the bankruptcy court."  *Sharpe Elecs. Corp. v. Deutsche Fin. Servs. Corp.*, 222 B.R. 259, 261
(Bankr. D. Md. 1998).  *Sharp*e, however, did not actually involve removal.  The civil action there
had been filed (by the debtor) in the United States District Court for the same district in which
the bankruptcy case was pending, and the defendant had attempted to remove the case to the
bankruptcy court for the same district by filing a notice of removal.  The bankruptcy court
correctly held that an action could not be "removed" from the district court to the bankruptcy
court of the same district; rather, the correct procedure was to ask the district court to refer the
action to the bankruptcy court.  Since removal was not the proper procedure in any event, the
discussion of the mechanism for effecting removal from a state court was clearly dicta.

The majority of reported cases from other circuits reach the same conclusion. Although § 1452(a) uses the phrase "to the district court" when allowing for removal of claims and causes of action, courts that have sanctioned direct removal to the bankruptcy court look to other sections of Title 28 in rejecting a literalistic reading of § 1452(a).  Specifically, these courts look to 28 U.S.C. § 151, which states that bankruptcy judges are judicial officers of the district court and "constitute a unit of the district court...known as the bankruptcy court."  Therefore, these courts reason, removal of a claim or cause of action directly to the bankruptcy court is the "functional equivalent" of removal to the district court.  *Indus. Clearinghouse, Inc. v. Mimms (In re Coastal Plains, Inc.)*, 338 B.R. 703, 711 (N.D. Tex. 2006).  *See also, Marketta Dev., Ltd. v. North Am. Funding Corp. (In re North Am. Funding Corp.)*, 64 B.R. 795, 796 (Bankr. S.D. Tex. 1986); *Gianakas v. Exch. Nat'l Bank of Chicago (In re Gianakas)*, 56 B.R. 747, 750-51 (N.D. Ill. 1985).

Other courts take the analysis one step further to include 28 U.S.C. § 157(a), which provides that the district court "may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."  These courts conclude that where a general order of reference is entered by the district court referring all bankruptcy matters to the bankruptcy court, notices of removal are properly filed in the bankruptcy court.  *See, e.g., AG Indus., Inc. v. AK Steel Corp. (In re AG Indus., Inc.)*, 279 B.R. 534, 538 n.1 (Bankr. S.D. Ohio 2002); *Eyecare of S. Cal. v. Urrea (In re Eyecare of S. Cal.)*, 258 B.R. 765, 768 (Bankr. C.D. Cal. 2001); *Citicorp Sav. of Ill. v. Chapman (In re Chapman)*, 132 B.R. 153, 156 (Bankr. N.D. Ill. 1991); *Lone Star Indus., Inc. v. Liberty Mut. Ins.*, 131 B.R. 269, 272 (D. Del. 1991); *Christensen v. St. Paul Bank*

6

*for Coops. (In re Fulda Indep. Co-Op)*, 130 B.R. 967, 976 (Bankr. D. Minn. 1991); *Aztec Indus., Inc. v. Standard Oil Co. (In re Aztec Indus., Inc.)*, 84 B.R. 464, 468 (Bankr. N.D. Ohio, 1987); *Gianakas*, 56 B.R. at 752.

Finally, a few courts note that the Federal Rules of Bankruptcy Procedure—in particular Rules 9027(a) and 9001(3)—support the direct filing of a notice of removal with the bankruptcy court.  Rule 9027(a) requires that notice of removal be "filed with *the clerk* for the district and division within which is located the state or federal court where the civil action is pending" (emphasis added).  Rule 9001 in turn defines "clerk" for the purpose of the Bankruptcy Rules as "bankruptcy clerk, if one has been appointed, otherwise clerk of the district court."  Reading the two rules together, these courts reason that the notice of removal is properly filed with the bankruptcy clerk, not the clerk of the district court.  *Coastal Plains, Inc.*, 338 B.R. at 711; *Eyecare of S. Cal.*, 258 B.R. at 768 n.5; *Fulda Indep. Co-Op*, 130 B.R. at 976; *Aztec Indus. Inc.*, 84 B.R at 468 (using then Rule 9002(3)).

There is, to be sure, some authority to the contrary.  These courts read the plain language of § 1452(a) to require that a claim or cause of action first be removed to the district court, which then may refer the action to the bankruptcy court.  *See Searcy v. Knostman*, 155 B.R. 699, 704 (S.D. Miss. 1993); *Berger v. Schuler (In re Schuler)*, 45 B.R. 684, 686 (Bankr. D. N.D. 1985); *Bancohio Nat'l Bank v. Long (In re Long)*, 43 B.R. 692, 697 (Bankr. N. D. Ohio 1984).  With due respect, however, this court believes that the majority reading of the statute is more persuasive, notwithstanding the argument that might be made for a "plain language" (i.e., literal) reading.  In particular, such a reading focuses only on one component of the statutory scheme and fails to take account of the provisions allowing automatic referral of bankruptcy cases and

7

bankruptcy—connected civil proceedings to the bankruptcy judges for the district.  A bankruptcy

petition, for example, need not be filed first with the clerk of the district court and then be

referred to the bankruptcy judges of the district, even though the "plain language" of § 1334(a)

confers original and exclusive jurisdiction over bankruptcy cases on the district courts of the

United States.  Nor must a complaint commencing an adversary proceeding in a bankruptcy case

be filed first with the clerk of the district court and then be referred to the bankruptcy judges of

the district even though § 1334(b) confers original (although not exclusive) jurisdiction of such

proceedings on the district courts of the United States.  That is because in each instance the

reference has *already* been accomplished by the standing order of reference.  Why a separate

reference would be required of a removed action, as opposed to one originally commenced in the

bankruptcy court, when there is already a general order of reference, is a mystery.[4]  It must be

stressed, moreover, that removal directly to the bankruptcy court in no sense usurps the

jurisdiction of the district court, since the district court is always free to withdraw the reference,

either on its own motion or on motion of a party, for "cause shown."  28 U.S.C. § 157(d).

Accordingly, the court concludes that the notice of removal was properly filed with the

bankruptcy clerk for this district.

---

[4]  Reliance on a standing order of reference would seem particularly appropriate in a situation, such as this, in which an action is removed from a state court within the same district in which the bankruptcy case is pending.  Where removal is sought from a state court that lies outside the judicial district in which the bankruptcy case has been filed, the statute is clear that removal is to the district where the state court sits, not where the bankruptcy is pending.  28 U.S.C. § 1452(a) (allowing removal "to the district court *for the district where such civil action is pending*") (emphasis added).  Whether prudential considerations would weigh against filing notice of such removals directly with the bankruptcy clerk in reliance on a standing order of reference is an issue not raised by the facts of this case, and one which this court need not reach.

## II. WHETHER THIS COURT HAS JURISDICTION OVER
## THE REMOVED CLAIMS OR CAUSES OF ACTION.

Having determined that the notice of removal was properly filed with the clerk of this

court, the court next turns to the issue of whether the "claim or cause of action" that was

removed is one over which the district court (and thus this court) has subject-matter jurisdiction

under 28 U.S.C. § 1334.

### A.

Under 28 U.S.C. §1334, bankruptcy jurisdiction extends to bankruptcy "cases" and to

"civil proceedings" that "arise under" the Bankruptcy Code or that "arise in" or are "related to" a

bankruptcy case.  A civil proceeding "arises under" the Bankruptcy Code if "federal [bankruptcy]

law creates the cause of action or . . .the plaintiff's right to relief necessarily depends on

resolution of a substantial question of federal [bankruptcy] law." *Poplar Run Five L.P. v.*

*Virginia Electric & Power Co. (In re Poplar Run Five L.P.),* 192 B.R. 848, 854-55 (Bankr. E.D.

Va. 1995).  Proceedings "arising in" a bankruptcy case are those that "are not based on any right

expressly created by [the Bankruptcy Code], but nevertheless would have no existence outside of

the bankruptcy." *Bergstrom v. Dalkon Shield Claimants Trust (In re A. H. Robins Co., Inc.),* 86

F.3d 364, 372 (4th Cir. 1996), *cert. denied,* 117 S.Ct. 483, 136 L.Ed.2d. 377 (1996); *see Grausz*

*v. Englander,* 321 F.3d 467 (4th Cir. 2003) (debtor's malpractice claim against his bankruptcy

attorney for acts committed during the case "arises in" the bankruptcy case).  Finally, the "related

to" category of proceedings is "quite broad and includes proceedings in which the outcome could

have an effect on the estate being administered." *Id.*, *citing Pacor, Inc. v. Higgins,* 743 F.2d 984,

994 (3d Cir. 1984) ("An action is related to bankruptcy if the outcome could alter the debtor's

rights, liabilities, options, or freedoms of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.").  Nevertheless, the "related to" category is not so broad as to encompass litigation of federal or state law claims that will not have an effect on the bankruptcy estate, simply because one of the litigants filed a petition in bankruptcy.  *New Horizon of N.Y., LLC v. Jacobs*, 231 F.3d 143 (4th Cir. 2000) (district court lacked even "related to" jurisdiction over state law claims by entity formed to purchase debtor's assets in accordance with a confirmed plan against parties who allegedly interfered with the sale); *Valley Historic Ltd. P'ship v. Bank of New York*, 486 F.3d 831 (4th Cir. 2007) (bankruptcy court did not have post-confirmation jurisdiction to adjudicate debtor's claims against lender holding a deed of trust against its property for improperly increasing the monthly payments prepetition and for tortiously interfering with the debtor's contractual relationship with its tenant).

## B.

As a threshold issue, the court must determine what "claim or cause of action" is to be considered in the jurisdictional analysis.  If it is limited to the claims or causes of action pleaded in the *complaint*, there seems little doubt that neither the district court nor this court would have jurisdiction under 28 U.S.C. § 1334.  The complaint invokes no rights created by the Bankruptcy Code, makes no reference to the debtor's bankruptcy case, seeks no relief against the debtor, does not involve property that is titled in the debtor's name or in which the debtor has any present interest, and does not seek to adjudicate a claim or dispute that would have no significance but for the bankruptcy filing.  The complaint, in short, pleads only state-law causes of action against non-debtor parties.

Brennan Title, however, says removal is nevertheless proper because the debtor is a necessary party and because at least some of the *defenses* that Brennan asserts will likely affect administration of the bankruptcy case. This squarely raises the question of whether bankruptcy removal is limited to those situations in which subject-matter jurisdiction under 28 U.S.C. § 1334 is apparent on the face of the complaint or extends also to situations in which defenses, counter-claims, or third-party claims raise issues of bankruptcy law or implicate the administration of a bankruptcy case.

There can be little doubt that if removal had been effected under the general federal removal statute, 28 U.S.C. § 1441, instead of the bankruptcy removal statute, removal would be proper only if a federal question were presented on the face of the plaintiff's properly pleaded complaint. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S.Ct. 921, 925, 139 L.Ed.2d 912 (1998). In *Rivet*, the Supreme Court ruled that because a defense is not part of a plaintiff's properly pleaded complaint, a state court action may not be removed to federal court on the basis of a federal defense, even if the defense (as in *Rivet*) is that the action is precluded as a matter of federal law because of earlier bankruptcy court orders. *Rivet*, 522 U.S. at 478, 118 S.Ct. at 926. The question is whether the same limitation applies to the bankruptcy removal statute. Surprisingly, the issue has been discussed in only a few reported decisions, with the majority of those concluding that *Rivet*'s "well-pleaded complaint rule" applies to bankruptcy removals, and only one opinion stating that it does not.

*Yangming Marine Transp. Corp. v. Electri-Flex Co*. is representative of the majority view. It involved the removal, under § 1452, of a state court action to the United States District Court for the Northern District of Illinois on the basis that it was related to a bankruptcy case

11

pending in the bankruptcy court for the same district.  682 F.Supp. 368, 369 (N.D. Ill. 1987).

The defendant then moved to transfer the case to the bankruptcy court, asserting that it owed

money to the debtor, not the plaintiff, and the plaintiff in turn moved to remand the action to state

court.  *Id*.  Finding that "[t]here is no bankruptcy exception to the well-pleaded complaint rule,"

the court held that removal of the state court action could not be based on its "relatedness" to a

bankruptcy case because the "relatedness, if any, of this case to a bankruptcy is visible only from

the answer."  *Id*. at 370.

The United States District Court for the Middle District of Alabama came to a similar

conclusion in *Traylor v. First Family Finan. Servs., Inc. (In re Traylor)*, 192 B.R. 255 (M.D.

Ala. 1995).  In that case, the district court upheld the bankruptcy court's remand, on equitable

grounds, of a state court action removed under § 1452.  That action, which had been brought by

the debtors against their mortgage company for wrongful foreclosure, was removed by the

defendant lender.  Although the district court stated that for purposes of the appeal, the question

of whether subject-matter jurisdiction existed upon 28 U.S.C. § 1334 was immaterial, the court

did address the appellant's argument that the action should not be remanded "based upon the

resolution of its affirmative defense."  *Id.* at 260.  In rejecting this argument, the court stated:

> . . . the court finds that it should not retain a case merely because the
> defendant has raised an affirmative defense that requires application
> of federal law.  To do so could potentially encourage misuse of the
> judicial system and promote forum shopping by allowing a defendant,
> who wished to remain in federal court, to include in its answer an
> affirmative defense that requires application of federal law.

*Id.*  The court then went on to cite in a footnote the "well-pleaded complaint rule" as support for

affirming the bankruptcy court's decision to remand the action.  *Id.* at n.2.

12

In *State of Arkansas Teacher Ret. Sys. v. Merrill Lynch & Co., Inc. (In re: LJM2 Co-Investment, L.P.)*, the plaintiff investors in the debtor filed a state court action against various financial institutions for aiding and abetting breaches of fiduciary duty and fraud committed by the debtor's employees.  319 B.R. 495, 497 (Bankr N.D. Ill. 2005).  The defendants removed a number of the claims under § 1452, and the plaintiffs moved to remand.  *Id*. at 497-98.  Among other things, the defendants asserted that some of their defenses to the state court action "seek to enforce the distribution scheme of the confirmed…plan and orders of [the bankruptcy] court." *Id*. at 498.  In directly addressing the issue of whether *Rivet* applies to removals under § 1452, the court held that "if the federal question is essentially a federal defense and not essentially an element of the plaintiff's claim, the case may not be removed" and that "*Rivet* applies to removal based on § 1452."  *Id.* at 501.  Thus, because the defendants' only basis for removal was the federal defense they planned to assert, the court remanded the action.  *Id*. at 504.

The Eastern District of New York has also held that the well-pleaded complaint rule applies to removal under § 1452.  *Studebaker-Worthington Leasing, Corp. v. Michael Rachlin & Co., L.L.C.* 357 F.Supp.2d 529 (E.D. N.Y. 2005).  That case involved a New York state court breach of contract action filed by a financing company against the assignee of a rental agreement that had been assigned by a third party who had a chapter 7 case pending in the Bankruptcy Court for the District of New Jersey.  *Id.* at 530-31.  The defendant removed the case to the United States District Court for the Eastern District of New York under §§ 1441(a) and 1452 and filed a motion to transfer to the bankruptcy court based on the assertion that the state court action was "related to" the debtor's bankruptcy case because the contract was assigned to the defendant by the debtor.  *Id*. at 531.  Further, the defendant noted in the removal notice that it intended to

13

assert a counterclaim against the plaintiff and planned to add both the debtor and the chapter 7

trustee as counterclaim defendants. *Id.* at 532. On the defendant's motion to transfer and the

plaintiff's motion to remand, the court held that because the only ground for federal subject-

matter jurisdiction was a proposed counterclaim the defendant sought to assert, removal was not

proper under the well-pleaded complaint rule. *Id*. at 534. In particular, the court stated that "[i]t

is well-established that the well-pleaded complaint rule applies both to federal question

jurisdiction under 28 U.S.C. § 1331, and to bankruptcy jurisdiction under 28 U.S.C. § 1334." *Id*.

at 535. Because it was clear on the face of the complaint that the state court claims did not "arise

under" the Bankruptcy Code or "arise in" a case filed under Title 11 and because the defendant

did not show that the case was "related to" a bankruptcy case, the notice of removal did not give

the court jurisdiction over the case, and the case was remanded. *Id*. at 535-36.

Finally, the United States District Court for the District of Connecticut also held, but on a

somewhat more limited basis, that the well-pleaded complaint rule as articulated in *Rivet* applies

to removals under § 1452. *Liberty Mut. Insur. Co. v. Lone Star Indus., Inc.*, 313 B.R. 9 (D.

Conn. 2004). In that case, Liberty Mutual had filed a state court action seeking a declaratory

judgment based on state law rights regarding its liability for defense and indemnity costs in silica

bodily injury claims pending against Lone Star. *Id*. at 12. Lone Star removed the action to

federal court and moved to transfer it to the bankruptcy court claiming federal subject-matter

jurisdiction existed due to its bankruptcy case from the 1990s (which had been closed in 1999).

The plaintiff in turn moved to remand the case asserting that its complaint was grounded in state

law. *Id.* After finding that the bankruptcy court in the defendant's closed case had "sought to

retain any jurisdiction that is legally permissible," the court then looked into whether bankruptcy

14

law provided federal jurisdiction.  *Id.* at 16.  The court concluded that there was no subject-

matter jurisdiction under § 1334, but it applied the well-pleaded complaint rule only to "arising

under" jurisdiction, not "arising in" and "related to" jurisdiction.  *Id.* at 16-21.  Finding that the

complaint did not invoke "substantive statutory rights under bankruptcy law" and noting that the

defendant "has not pointed to any law altering, with respect to bankruptcy law, the 'well-pleaded

complaint rule,' or the requirement that 'federal jurisdiction exists only when a federal question

is presented on the face of the plaintiff's properly pleaded complaint,'" the court held that there

was no basis for removal based on "arising under" jurisdiction even if a defense involving

substantive bankruptcy law existed.  *Id.* at 16 (*citing Caterpillar, Inc. v. Williams*, 482 U.S. 386,

392, 107 S.Ct. 2425, 96 L.Ed.2d 319 (1987)).  Ultimately, the court remanded the case, finding

that the state court claims did not "arise in" and were not "related to" the defendant's bankruptcy

case.  *Id.* at 21.

    The only reported decision that appears to have questioned application of the well-

pleaded complaint rule to bankruptcy removals is *Principal Life Ins. Co. and Petula Assocs., Ltd.*

*v. JPMorgan Chase Bank, N.A. (In re Brooks Mays Music Co.)*, 363 B.R. 801, 814-16 (Bankr.

N.D. Tex. 2007).  The complaint filed by the plaintiffs in state court asserted only state and

common-law causes of action.  Although the complaint did reference pre-petition conduct

concerning the debtor, the debtor was not named a party in the action.  *Id*. at 805-6.  The

defendants removed the case to the bankruptcy court, and the plaintiffs and the debtor both

moved to remand.  *Id.* at 805.

    After concluding that "related to" jurisdiction existed, the court then addressed the

plaintiffs' argument that removal under § 1452 was not proper based on *Rivet* and the

well-pleaded complaint rule. The court first noted that the well-pleaded complaint rule was "developed specifically in the context of federal 'arising under' jurisdiction" and that "the Supreme Court has specifically held that the . . . doctrine only applies with regard to federal question 'arising under' jurisdiction." *Id*. at 814-15 (*citing Am. Red Cross v. S.G.*, 505 U.S. 247, 258, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992)). The court then went on to hold that the well-pleaded complaint rule "has very limited significance in a bankruptcy removal context" because it makes sense only in regards to "arising under" bankruptcy jurisdiction, not "arising in" and "related to" jurisdiction. *Id.* at 815. Arguing that the rule is only the beginning of jurisdictional analysis under § 1334, the court stated that relying on the rule "alone in interpreting section 1334 reads the 'arising in' and 'related to' provisions out of section 1334." *Id.* The court ultimately found that although the state court complaint did not articulate a federal question, the claims asserted did "present issues, the *outcome of which* could conceivably have an effect on the bankruptcy estate" and declined to hold that *Rivet* negated bankruptcy subject-matter jurisdiction over the action. *Id.* at 816 (emphasis in the original).

Notwithstanding the reported decisions to the contrary, this court agrees with *Brooks Mays Music* that the well-pleaded complaint rule does not apply in the context of bankruptcy removals, at least when removal is predicated on the bankruptcy court having "related to" jurisdiction under 28 U.S.C. § 1334. In the very nature of things, a plaintiff would have little or no occasion, in pleading a claim or cause of action that did not invoke federal bankruptcy law or that had significance only because of a bankruptcy case, to include allegations showing that the outcome "could affect the debtor's rights, liabilities, options, or freedom of action" or would "impact[] upon the handling and administration of the bankruptcy estate." *Pacor*, 743 F.2d at

994.  Such impacts would, in general, depend on facts outside the four corners of a well-pleaded

complaint.  A rigorous application of the well-pleaded complaint rule would effectively prevent a

bankruptcy court from exercising, in the context of a removal, jurisdiction over a wide range of

controversies that would otherwise fall within its original jurisdiction, and would also subvert the

general policy favoring the centralization of litigation concerning the debtor in the bankruptcy

court.[5]

C.

That said, the question remains whether the notice of removal makes a sufficient showing

that the present action, even taking into account Brennan Title's proposed defenses, is "related

to" the debtor's bankruptcy case.  In this connection, Brennan Title asserts that the controversy is

related to the bankruptcy case because any determination of whether Brennan Title is liable to

Bank of America for failure to pay off or release the New Century deed of trust will necessarily

require a determination of whether the deed of trust is valid.  That determination, Brennan Title

says, cannot be made without joinder of the debtor as a party, since the deed of trust was

executed under the purported authority of a power of attorney given by the debtor.  A ruling as to

the validity of the deed of trust would likely also be determinative of the claim filed by Saxon

Mortgage in the debtor's bankruptcy case, since the note was signed under the authority of the

---

[5]  In the notice of removal, Brennan Title alleges that the present action is a "core" proceeding.
The court does not agree.  A proceeding that neither "arises under" the Bankruptcy Code nor
"arises in" a bankruptcy case, but is only "related to" the bankruptcy case is not a core proceeding
within the meaning of 28 U.S.C. § 157(b).  *In re McLean Square Assocs., G.P.*, 200 B.R. 128,
133 (E.D. Va. 1996).  Although this court has jurisdiction to conduct the trial in a non-core
proceeding and to make proposed findings of fact and conclusions of law, any final judgment or
order must be entered by a district judge unless the parties consent to its entry by a bankruptcy
judge.  28 U.S.C. § 157(c).

same power of attorney as the deed of trust.[6]  Counsel for the debtor, for their part, represent that

they are investigating the circumstances surrounding the deed of trust and the sale to Ms.

Pitthayasri and believe there may be a basis for avoiding the deed of trust and possibly also the

sale, although they acknowledge that at this point they do not have sufficient evidence to bring an

avoidance action.  Because Bank of America, with its two deeds of trust against the property,

would be a necessary party to any avoidance action, the debtor would like the present action to

remain in this court so that all issues of lien validity and priority could be sorted out in a single

proceeding without the risk of conflicting rulings that might result if litigation in this court and

the state court were to proceed along different tracks.

Although the court cannot find that the mere possibility that the debtor in possession may

at some point seek to recover the property is a sufficient basis to confer "related to" jurisdiction

over the present action, the court does find that the debtor's claimed liability to Saxon Mortgage

under the New Century note is sufficiently intertwined with a determination of whether the New

Century deed of trust is a valid lien that this court would have "related to" jurisdiction over those

portions of the complaint asserting that Brennan Title failed in its contractual and fiduciary duties

to Bank of America in not paying it off.

---

[6]  Because the real estate securing Saxon Mortgage's claim does not belong to the debtor, Saxon
Mortgage is an unsecured creditor for the purpose of this case regardless of whether its deed of
trust is ultimately determined to be valid.  *See*  § 506(a), Bankruptcy Code (defining a secured
claim as "[a]n allowed claim . . . secured by a lien on property *in which the estate has an
interest*[.]") (emphasis added).  Given the amount it claims to be owed, Saxon Mortgage could
easily dominate the class of unsecured claims, and its claim might well affect the feasibility and
confirmability of a plan.

### III.  WHETHER THIS ACTION SHOULD BE REMANDED
### TO THE STATE COURT.

The determination that this court would have "related to" jurisdiction over at least a portion of the complaint does not, however, end the inquiry.  Even when a bankruptcy court technically has jurisdiction over a removed action, it may remand "on any equitable ground."  28 U.S.C. § 1452(b).  Remand on equitable grounds is the counterpart, in the removal context, of the court's power to abstain from hearing an original action.  28 U.S.C. § 1334(c).  Specifically, a bankruptcy court *may* abstain from any proceeding (whether "arising under," "arising in," or "related to") "in the interest of justice, or in the interest of comity with State courts or respect for State law."  28 U.S.C. § 1334(c)(1).  Additionally, a bankruptcy court *must* abstain if the proceeding is based upon a state law claim or cause of action; the only basis for federal jurisdiction is "related to" jurisdiction under § 1334; and an action has been commenced, and can be "timely adjudicated," in a state forum of appropriate jurisdiction.  28 U.S.C. § 1334(c)(2).

In this case, a number of equitable factors weigh in favor of remand.  The complaint itself raises only state law claims.  Even the defenses raised by Brennan Title are not based on any issues of federal bankruptcy law, and would not require the state court to construe any issues of federal bankruptcy law.  Although Brennan Title argues in its pleadings that the state court has no jurisdiction to decide matters involving the debtor, the court cannot concur.  While this court has *original* jurisdiction of civil proceedings arising under the Bankruptcy Code, arising in a bankruptcy case, or related to a bankruptcy case, such jurisdiction is not *exclusive*, and state courts in general have concurrent jurisdiction over such proceedings, limited only by the automatic stay, and, if a discharge is granted, by the discharge injunction.  In this connection,

19

although the debtor would no doubt be an important *witness*, it is far from clear that he is a necessary *party,* since the action, as presently framed, seeks no relief against him, and his only connection to the controversy is that he once owned the property and is the (putative) maker of the deed of trust that was not paid off.  But assuming that the debtor is a necessary party, this court has authority to modify the automatic stay to allow him to be made a party, with enforcement of any judgment, to the extent if affects the debtor, to be subject to any plan that may be confirmed.  *See Robbins v. Robbins (In re Robbins)*, 964 F.2d 342 (4th Cir. 1992) (holding that relief from stay may be granted to permit litigation to go forward in a nonbankruptcy forum where (1) only issues of state law involved, (2) judicial economy will be promoted, (3) the litigation will not interfere with the bankruptcy case, and (4) the estate can be protected by requiring that any judgment obtained be enforced only through the bankruptcy court).  Although the debtor has raised the specter of an avoidance action to recover the property, it seems clear that much investigation remains to be done to determine whether there is actually a viable cause of action.  Finally, both the complaint and Brennan Title's demurrer raise important issues of state law concerning the duties and liabilities of a real estate settlement agent.  Because real estate is an area of the law in which state rather than federal interests predominate, it is appropriate the issues raised by the complaint and demurrer be considered and resolved by the state courts.[7]  There is no suggestion that the action cannot be timely adjudicated in the state court, and in any event, any delay in bringing this action to trial in the state court would not

---

[7]  Indeed, because Brennan Title asserts it had no contractual or fiduciary duty to Bank of America to pay off existing deeds of trust (only to provide Bank of America with a title insurance policy insuring its lien position), a ruling in its favor on that preliminary issue would moot—at least as between Brennan and Bank of America—any issue as to the validity of the deed of trust.

prevent this court, in the interim, from hearing and ruling upon any objection the debtor might

file to the Saxon Mortgage proof of claim.  For these reasons, the court concludes that the

equities favor remand to allow this action to be adjudicated in the forum in which it was

commenced.

A separate order will be entered granting the motion to remand.  In light of the remand,

the court declines to rule on the pending motion to dismiss and motion for joinder, as those

issues are more appropriately addressed by the state court.

**January 29, 2009**                              **/s/ Stephen S. Mitchell**
Date: _____          _____
                                             Stephen S. Mitchell
Alexandria, Virginia                         United States Bankruptcy Judge


**ENTERED ON DOCKET: JAN. 29, 2009**

21

Copies to:

Paul K. Campsen, Esquire
Kaufman & Canoles, P.C.
150 W. Main Street, Suite 1900
P. O. Box 3037
Norfolk, VA 23510
Counsel for the plaintiffs

C. Jay Robbins, IV, Esquire
Midkiff, Muncie and Ross, P.C.
9030 Stony Point Parkway, Suite 1160
Richmond, VA 23235
Counsel for defendants Brennan Title Company and Western Surety Company

ACP, Inc
Attn: Bruce E. Arkema
1111E.Main Street, 16th Floor
Richmond, VA 23219
Defendant

Commonwealth Asset Services, Inc.
Jon M. Ahern, Esq.
Pembroke One 5th Floor
281 Independence Blvd.
Virginia Beach, VA 23462

N.B.Goodwyn & Sons, Inc.
Attn: Anita G. Vaugh, Esq.
Hirschler Fleischer
2100 E. Cary Street
Richmond, VA 23223

Joseph Michael Langone, Esquire
Law Offices of Joseph M. Langone
11876 Sunrise Valley Dr. Suite 201-C
Reston, VA 20191
Counsel for the debtor in possession